IN The United States District Court
Western District of Wisconsin

Shanta D. Pearson,
            Petitioner,

-vs-                                    Case No.
                                                  20-cv-487-wmc

NovaCare, Jeffrey Manlove,
John Doe, and Jane Doe,
            Defendant's.

## Title 42 U.S.C. 1983 Complaint

Now comes the Plaintiff, Shanta D. Pearson, proceeding pro se, but with the assistance of Emon V. Hollins of Justice and Equality, LLC, pursuant to Title 42 U.S.C. 1983, with his complaint against the above Named defendant's.

1

Parties:

a. Plaintiff, Shanta D. Pearson, is a United States citizen, and adult resident of the State of Wisconsin. His address is P.O. Box 351, Waupun, WI 53963.

b. Defendant's Jeffrey Manlove, John Doe, ~~scribbled out~~ and Jane Doe are United States citizens, and adult residents of the State of Wisconsin. During the time of these events; they were employed by the Dept. of Corrections, at Waupun Correctional Institution, 200 South Madison St., P.O. Box 351, Waupun, WI 53963.

c. It is unknown to the Plaintiff where NovaCare is located, but it is a United States citizen, and adult resident of the state of Wisconsin. During the time of these events, NovaCare was working with the Dept. of Corrections, and Waupun Correctional Institution, at 200 south Madison St., P.O. Box 351, Waupun, WI 53963.

Statement of claim:

Failure to Treat:

1. Prisoner's are not stripped of their U.S. Const. Rights. Procunier v. Martinez, 416 U.S. 396, and prisoner's

3

have a U.S. CONST. Right to adequate medical health care. Estelle v. Gamble, 429 U.S. 97, at 104-105

    2. On March 14, 2019, Jeffrey Manlove diagnosed Pearson with Bilateral Plantar Fasciitis associated with Pes Planus, (Ex. 1) Manlove noted that upon examination of Pearson that his left foot indeed shows he has fairly marked Pes Planus. (Ex. 1)

    3. Among other things, Manlove prescribed Pearson evaluation for possible custom orthotics ~~all shoes~~ with physio, (Ex. 1)

4

and on October 29, 2019, Pearson was fitted for his custom orthotics and shoes by NovaCare. (Ex. 2, ¶2.) (Ex. 3)

4. However, as of today; May 25, 2020, Pearson has still not recieved his shoes, even after sending complaints to HSU for Manlove, John Doe, and Jane Doe about it. (Ex. 2, ¶3.) Peason also informed all of the defendant's about the pain he was experiencing, and how it was getting worse. Id. Peason did not recieve his custom orthotics until April 21, 2020. Which was done after 6 months of pain

5

and complaining. (Ex. 2, ¶4.)

5. If a prisoner has a serious medical condition that exists, prison officials, doctors, and a medical company is aware of the condition, and the official and provider fails to adequately treat the condition, causing harm, they are liable and guilty of failure to treat under the deliberate indifference standard. Estelle v. Gamble, 429 U.S. 97, at 104-105

6. In December of 2019, James Gillian, an inmate at Waupun Correctional Institution, who was diagnosed with

6

the same foot condition as Pearson; was fitted for the same kind of medical custom orthotics and shoes that Pearson was sent to be fitted for in October of 2019, and Gillian recieved his custom orthotics and shoes within 4-8 weeks after being fitted. (Ex. 4) However, Pearson still has not recieved his shoes to this day; despite him being fitted two months before Mr. Gillian, and sending complaints to Manlove, John Doe, and Jane Doe about the pain he was experiencing and how it was getting

7

worse. (Ex. 2, ¶3.) It also took 6 painful months for Pearson to recieve his custom orthotics. (Ex. 2, ¶4.)

7. Manlove, John Doe, Jane Doe, and Novacare were aware that Pearson had a serious medical condition, and they still failed to adequately treat the condition by providing Pearson with his custom orthotics and shoes in a timely manner. In fact, Pearson still has not recieved his shoes today; which is May 25, 2020, and Pearson's pain has increased by way of climbing

8

up his achilles heel. (Ex. 2, ¶5.) Thus, the defendant's are liable and guilty of failure to treat. Estelle v. Gamble, 429 U.S. 97, at 104-105

8. Pearson has fully exhausted his administrative remedies pertaining to the claim in this complaint. (Ex. 3)

9. Pearson now seeks nominal, punitive, and presumed damages from Manlove, Novacare, John Doe, and Jane Doe for violating his 8th Amend. U.S. Const. Right by failing to treat his serious medical condition.

Requested Relief

1. Issue an award of Punitive damages against Manlove, Novacare, John Doe, and Jane Doe in the amount of $50,000.00, or as the court deems fair.

2. Issue an award of Nominal damages against Manlove, Novacare, John Doe, Jane Doe as the court deems fair.

3. Issue an award of Presumed damages as the court deems fair.

4. Order that Pearson be issued his medical shoes.

5. Plaintiff demands a trial by jury on this matter.

Pursuant to 28 U.S.C. 1746, I, Shanta D. Pearson, declare under the penalty of perjury that the foregoing is true and correct.

Executed on the 25 day of May, 2020.

*Shnta Pn*
Shanta D. Pearson

11