IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SHANTA PEARSON,

                                Plaintiff,                      OPINION AND ORDER

    v.

                                                                20-cv-487-wmc

JEFFREY MANLOVE, JOHN DOE,
JANE DOE and NOVACARE,

                           Defendants.

*Pro se* plaintiff Shanta Pearson filed this lawsuit under 42 U.S.C. § 1983, claiming that defendants at the Waupun Correctional Institution ("Waupun") denied him medical treatment for his plantar fasciitis. Since Pearson is a prisoner and proceeding without prepayment of the filing fee, the court must screen the complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, to determine whether he may proceed with the case. Even when holding Pearson to a "less stringent standard" in crafting pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this lawsuit nonetheless is subject to dismissal, but the court will give Pearson the opportunity to file an amended complaint that corrects the deficiencies explained below.

ALLEGATIONS OF FACT

At all relevant times, Pearson was an inmate at Waupun. Defendants Jeffery Manlove, John Doe, and Jane Doe were employees in the health services unit at the institution. Novacare was a private, medical provider for the prison.

On March 14, 2019, Manlove diagnosed Pearson with bilateral plantar fasciitis associated with pes planus and recommended that he be evaluated for custom orthotics.

On October 29, 2019, Pearson was fitted for custom orthotics and shoes by Novacare.

Pearson's custom orthotics did not arrive until about five months later, on April 2, 2020.  That day, health services unit staff scheduled him for an offsite appointment at NovaCare to receive the shoes and try them on to see if any adjustments had to be made. (Dkt. #2-2.)  However, that appointment was cancelled due to the COVID-19 pandemic. As of May 25, 2000 (the date Pearson dated this complaint), he still had not received his medical shoes.  In the meantime, he has suffered from pain from his plantar fasciitis, which has gotten worse.

Pearson alleges that he complained to defendants Manlove, John Doe, and Jane Doe, informing them that his pain was worsening and that he had not received his shoes. Pearson does not detail how these defendants responded to his complaints.

DISCUSSION

Plaintiff asserts that the defendants were deliberately indifferent to his serious medical need in violation of the Eighth Amendment, which prohibits cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."  *Id*. at 105. To state a valid Eighth Amendment claim, the plaintiff must allege both that he "suffered from an objectively serious medical condition" and that the defendants were "deliberately indifferent to that condition."  *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A prison official cannot be found liable under the Eighth

2

Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards that risk. *Id.* at 837; *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). Neither negligence nor medical malpractice are sufficient to state an Eighth Amendment claim. *See Farmer*, 511 U.S. at 835–36; *Estelle*, 429 U.S. at 106; *Brown v. Peters*, 940 F.3d 932, 937 (7th Cir. 2019).

"A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "depends on the seriousness of the condition and the ease of providing treatment." *Id.* (quoting *McGowan*, 612 F.3d at 640).

Chronic plantar fasciitis, and the pain associated with it, can rise to the level of a serious medical need for purposes of an Eighth Amendment deliberate indifference claim. *See Amonoo v. Washetas*, No. 16-CV-125-SLC, 2017 WL 5991837, at *11 (W.D. Wis. Dec. 1, 2017) (state conceded plaintiff's bunions and plantar fasciitis presented serious medical needs); *Burgess v. Eckstein*, Case No. 16-cv-1147, 2016 WL 6108982, at *3 (E.D. Wis. Oct. 19, 2016) (permitting prisoner to proceed on deliberate indifference claim based on failure to treat plantar fasciitis). At this early stage of the case, the court will assume that the plaintiff's plantar fasciitis and the pain he experienced constituted a serious medical need.

Nevertheless, plaintiff's allegation that he did not receive his orthotics or shoes in a timely manner is insufficient to state an Eighth Amendment claim against any of the defendants. Notably, plaintiff does not provide any facts in his complaint to explain how

3

*each of the defendants*, individually, was deliberately indifferent to his foot pain. *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008) (plaintiff bringing civil rights action must prove that defendant personally participated in or caused the unconstitutional actions). Plaintiff's general allegation that he "complained" to Manlove, John Doe, and Jane Doe about not receiving his orthotics and shoes falls far short of showing that: (1) any of these defendants knew plaintiff needed treatment for his pain; (2) they were in any position to address it; or (3) if they were, they consciously failed to take reasonable measures to provide treatment.

Indeed, plaintiff's allegations fall particularly short because it appears that at least some of the delay in receiving his shoes was caused by restrictions imposed by the Covid-19 pandemic. "A state officer is deliberately indifferent when he does nothing . . . or when he takes action that is so ineffectual *under the circumstances* that deliberate indifference can be inferred." *Figgs v. Dawson*, 829 F.3d 895, 903 (7th Cir. 2016) (internal citations omitted) (emphasis added). Plaintiff's complaint fails to allege any facts to suggest that his condition required urgent treatment or to otherwise support an inference that defendants' actions or inactions with respect to his plantar fasciitis were unreasonable when factoring in the unprecedented circumstances of the pandemic, in which ordinary citizens across the country, not just those in prisons, were being temporarily denied treatment for non-urgent health conditions.

Moreover, plaintiff has not alleged *any* wrongdoing by any individual at Novacare. To state a cause of action against Novacare as an *entity*, plaintiff would need to allege facts to support an inference that "an official policy, a decision by a final decisionmaker, or

evidence of custom" was the cause of his constitutional deprivation.  *Glisson v. Indiana Dept. of Corrections*, 849 F.3d 372, 379 (7th Cir. 2017).  That is, he would have to plausibly allege, in good faith, that "institutional policies" at Novacare were "themselves deliberately indifferent to the quality of care provided."  *Id*. at 378.  None of plaintiff's allegations comes close to even suggesting that Novacare has a policy or custom of deliberately denying treatment for severe and painful plantar fasciitis.

Federal Rule of Civil Procedure 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).  Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Given the high burden governing deliberate indifference claims described above, and the fact that liability under § 1983 requires personal involvement in the alleged constitutional violation, or, for Novacare, an institutional policy or custom of deliberate indifference, plaintiff's allegations do not provide sufficient information for the court to determine whether he may proceed against any defendant.

For these reasons, the court is dismissing plaintiff's complaint, but will give him a short window of time in which to file an amended complaint.  In crafting it, plaintiff must draft his amended complaint considering the principles and standards laid out above, and write it as if he were telling a story to people who know nothing about his situation.  He should state (1) what acts he believes violated his rights; (2) what specific rights were

violated; (3) who committed each act; and (4) what relief he wants the court to provide. If plaintiff fails to submit an amended complaint by the deadline set below, the court will dismiss the complaint with prejudice for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Shanta Pearson's complaint is DISMISSED without prejudice.

2. Plaintiff may have until **June 7, 2021**, to submit an amended complaint that complies with Rule 8.

Entered this 17th day of May, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge